UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | |
| SHELTON FEDERAL GROUP, LLC, ) | Case No. 15-00623 |
| ) | (Chapter 7) |
| Debtor ) | |
| _____ ) | |
| MARC E. ALBERT, CHAPTER 7 ) | |
| TRUSTEE FOR THE ESTATE OF ) | |
| SHELTON FEDERAL GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 17-10024 |
| ) | |
| TURNER CONSTRUCTION COMPANY AND ) | |
| THOMPKINS/BALLARD JOINT VENTURE ) | |
| AND THOMPKINS BUILDERS, INC. AND ) | |
| S.B. BALLARD CONSTRUCTION COMPANY ) | |
| AND BRANSCOME, INC. AND ) | |
| S.B. COX, INCORPORATED AND ) | |
| THEROS EQUIPMENT, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT BRANSCOME, INC. TO COMPLAINT

The Defendant, BRANSCOME, INC. ("Branscome") answers the Complaint to Avoid Transfers and Turnover of Property of The Estate Pursuant to 11 U.S.C. §§ 542, 547, and 549 And to Recover Avoided Transfers Pursuant to 11 U.S.C. § 550 ("Complaint") as follows:

### Jurisdiction and Venue

1. Paragraph 1 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 1 to the extent not supported by applicable law or statute.

2. Paragraph 2 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 2 to the extent not supported by applicable law or statute.

3. Paragraph 3 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 3 to the extent not supported by applicable law or statute.

4. Branscome has insufficient information and belief to respond to the allegations of Paragraph 4, and upon that basis denies same.

### The Parties

5. Branscome has insufficient information and belief to respond to the allegations of Paragraph 5, and upon that basis denies same.

6. Branscome has insufficient information and belief to respond to the allegations of Paragraph 6, and upon that basis denies same.

7. Branscome has insufficient information and belief to respond to the allegations of Paragraph 7, and upon that basis denies same.

8. Branscome has insufficient information and belief to respond to the allegations of Paragraph 8, and upon that basis denies same.

9. Branscome has insufficient information and belief to respond to the allegations of Paragraph 9, and upon that basis denies same.

10. Branscome has insufficient information and belief to respond to the allegations of Paragraph 10, and upon that basis denies same.

11. Branscome has insufficient information and belief to respond to the allegations of Paragraph 11, and upon that basis denies same.

12. Branscome admits the allegations of Paragraph 12 of the Complaint.

13. Branscome has insufficient information and belief to respond to the allegations of Paragraph 13, and upon that basis denies same.

14. Branscome has insufficient information and belief to respond to the allegations of Paragraph 14, and upon that basis denies same.

## Introduction

15. Branscome has insufficient information and belief to respond to the allegations of Paragraph 15, and upon that basis denies same.

16. Branscome admits that the Debtor subcontracted with Branscome in connection with the RCJ project to provide certain materials and labor. Branscome has insufficient information and belief to respond to the remaining allegations of Paragraph 16, and upon that basis denies same.

17. Branscome has insufficient information and belief to respond to the allegations of Paragraph 17, and upon that basis denies same.

18. Branscome has insufficient information and belief to respond to the allegations of Paragraph 18, and upon that basis denies same.

19. Branscome has insufficient information and belief to respond to the allegations of Paragraph 19, and upon that basis denies same.

20. Branscome has insufficient information and belief to respond to the allegations of Paragraph 20, and upon that basis denies same.

21. Branscome has insufficient information and belief to respond to the allegations of Paragraph 21, and upon that basis denies same.

22. Branscome denies the allegations of Paragraph 22 as to Branscome. It has insufficient information and belief to respond as to other parties, and upon that basis denies same.

23. Branscome has insufficient information and belief to respond to the allegations of Paragraph 23, and upon that basis denies same.

24. Branscome denies the allegations of Paragraph 24.

25. Upon information and belief, Branscome admits the allegations of Paragraph 25.

26. Upon information and belief, Branscome admits that the Debtor performed work on the RCJ project. Branscome has insufficient information and belief to respond to the remaining allegations of Paragraph 26, and upon that basis denies same.

27. Branscome admits the allegations of Paragraph 27 as to Branscome. Branscome has insufficient information and belief to respond to the remaining allegations of Paragraph 27, and upon that basis denies same.

28. Branscome has insufficient information and belief to respond to the allegations of Paragraph 28, and upon that basis denies same.

29. Branscome has insufficient information and belief to respond to the allegations of Paragraph 29, and upon that basis denies same.

30. Branscome denies the allegations of Paragraph 30 of the Complaint.

31. Branscome has insufficient information and belief to respond to the allegations of Paragraph 31, and upon that basis denies same.

32. Branscome has insufficient information and belief to respond to the allegations of Paragraph 32, and upon that basis denies same.

## COUNT I

33. Branscome incorporates by reference its previous responses to Paragraphs 1 through 31 as if fully set forth herein.

34. Branscome has insufficient information and belief to respond to the allegations of Paragraph 34, and upon that basis denies same.

35. Branscome denies the allegations of Paragraph 35.

36. Paragraph 36 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 36 to the extent inconsistent with applicable law or statute.

37. Defendant denies the allegations of Paragraph 37 as stated.

38. Branscome denies the allegations of Paragraph 38.

39. Branscome denies the allegations of Paragraph 39.

40. Branscome has insufficient information and belief to respond to the allegations of Paragraph 40, and upon that basis denies same.

41. Paragraph 41 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 41 to the extent inconsistent with applicable law or statute.

42. Branscome denies the allegations of Paragraph 42.

43. Branscome denies the allegations of Paragraph 43.

## COUNT II

44. Branscome incorporates by reference its responses to Paragraphs 1 through 40 as if fully set forth herein.

45. Branscome has insufficient information and belief to respond to the allegations of Paragraph 45, and upon that basis denies same.

46. Branscome has insufficient information and belief to respond to the allegations of Paragraph 46, and upon that basis denies same.

47. Branscome has insufficient information and belief to respond to the allegations of Paragraph 47, and upon that basis denies same.

48. Branscome has insufficient information and belief to respond to the allegations of Paragraph 48, and upon that basis denies same.

49. Branscome has insufficient information and belief to respond to the allegations of Paragraph 49, and upon that basis denies same.

50. Branscome has insufficient information and belief to respond to the allegations of Paragraph 50, and upon that basis denies same.

51. Paragraph 51 states a legal conclusion as to which no responsive pleading is required.  Branscome denies the allegations of Paragraph 51 to the extent inconsistent with applicable law or statute.

52. Branscome has insufficient information and belief to respond to the allegations of Paragraph 52, and upon that basis denies same.

53. Branscome has insufficient information and belief to respond to the allegations of Paragraph 53, and upon that basis denies same.

## COUNT III

54. Branscome incorporates by reference its responses to Count I as if fully set forth herein.

55. Branscome denies the allegations of Paragraph 55.

56. Paragraph 56 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 56 to the extent inconsistent with applicable law or statute.

57. Branscome denies the allegations of Paragraph 57.

## **COUNT IV**

58. Branscome incorporates by reference its responses to Count II as if fully set forth herein.

59. Branscome has insufficient information and belief to respond to the allegations of Paragraph 59, and upon that basis denies same.

60. Branscome has insufficient information and belief to respond to the allegations of Paragraph 60, and upon that basis denies same.

61. Branscome has insufficient information and belief to respond to the allegations of Paragraph 61, and upon that basis denies same.

## **COUNT V**

62. Branscome incorporates by reference its responses to Paragraphs 1 through 31 as if fully set forth herein.

63. Branscome has insufficient information and belief to respond to the allegations of Paragraph 63, and upon that basis denies same.

64. Branscome has insufficient information and belief to respond to the allegations of Paragraph 64, and upon that basis denies same.

65. Branscome has insufficient information and belief to respond to the allegations of Paragraph 65, and upon that basis denies same.

66. Branscome has insufficient information and belief to respond to the allegations of Paragraph 66, and upon that basis denies same.

67. Branscome has insufficient information and belief to respond to the allegations of Paragraph 67, and upon that basis denies same.

68. Branscome has insufficient information and belief to respond to the allegations of Paragraph 68, and upon that basis denies same.

69. Paragraph 69 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 69 to the extent inconsistent with applicable law or statute.

70. Branscome has insufficient information and belief to respond to the allegations of Paragraph 70, and upon that basis denies same.

71. Branscome has insufficient information and belief to respond to the allegations of Paragraph 71, and upon that basis denies same.

72. Branscome has insufficient information and belief to respond to the allegations of Paragraph 72, and upon that basis denies same.

## **COUNT VI**

73. Branscome incorporates by reference its responses to Count V as if fully set forth herein.

74. Branscome has insufficient information and belief to respond to the allegations of Paragraph 74, and upon that basis denies same.

75. Branscome has insufficient information and belief to respond to the allegations of Paragraph 75, and upon that basis denies same.

76. Branscome has insufficient information and belief to respond to the allegations of Paragraph 76, and upon that basis denies same.

77. Branscome has insufficient information and belief to respond to the allegations of Paragraph 77, and upon that basis denies same.

78. Branscome has insufficient information and belief to respond to the allegations of Paragraph 78, and upon that basis denies same.

79. Branscome has insufficient information and belief to respond to the allegations of Paragraph 79, and upon that basis denies same.

80. Branscome has insufficient information and belief to respond to the allegations of Paragraph 80, and upon that basis denies same.

81. Branscome has insufficient information and belief to respond to the allegations of Paragraph 81, and upon that basis denies same.

## **COUNT VII**

82. Branscome incorporates by reference its responses to Counts V and VI as if fully set forth herein.

83. Branscome has insufficient information and belief to respond to the allegations of Paragraph 83, and upon that basis denies same.

84. Branscome has insufficient information and belief to respond to the allegations of Paragraph 84, and upon that basis denies same.

85. Branscome has insufficient information and belief to respond to the allegations of Paragraph 85, and upon that basis denies same.

## COUNT VIII

86. Branscome incorporates by reference its responses to Counts I, II, V and VI as if fully set forth herein.

87. Paragraph 87 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 87 to the extent inconsistent with applicable law or statute. Branscome denies that any transfer to it was preferential or that a Trustee is entitled to avoidance or recovery.

88. Paragraph 88 states a legal conclusion as to which no responsive pleading is required. Branscome denies the allegations of Paragraph 88 to the extent inconsistent with applicable law or statute. Branscome denies that any transaction to it was preferential or available.

89. Branscome has insufficient information and belief to respond to the allegations of Paragraph 89, and upon that basis denies same.

90. Branscome has insufficient information and belief to respond to the allegations of Paragraph 90, and upon that basis denies same.

91. Branscome has insufficient information and belief to respond to the allegations of Paragraph 91, and upon that basis denies same.

## COUNT IX

92. Branscome incorporates by reference its responses to Counts I , II, V and VI as if fully set forth herein.

93. Branscome denies the allegations of Paragraph 93 as to any transfer to it.

94. Branscome has insufficient information and belief to respond to the remaining allegations of Paragraph 94, and upon that basis denies same.

95. Branscome has insufficient information and belief to respond to the allegations of Paragraph 95, and upon that basis denies same.

96. Branscome has insufficient information and belief to respond to the allegations of Paragraph 96, and upon that basis denies same.

## COUNT X

97. Branscome incorporates by reference its responses to Count V as if fully set forth herein.

98. Branscome has insufficient information and belief to respond to the allegations of Paragraph 98, and upon that basis denies same.

99. Branscome has insufficient information and belief to respond to the allegations of Paragraph 99, and upon that basis denies same.

100. Branscome has insufficient information and belief to respond to the allegations of Paragraph 100, and upon that basis denies same.

101. Branscome has insufficient information and belief to respond to the allegations of Paragraph 101, and upon that basis denies same.

102. Branscome has insufficient information and belief to respond to the allegations of Paragraph 102, and upon that basis denies same.

103. Branscome has insufficient information and belief to respond to the allegations of Paragraph 103, and upon that basis denies same.

104. Branscome has insufficient information and belief to respond to the allegations of Paragraph 104, and upon that basis denies same.

## First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Service of the Summons and Complaint was improper.

### Third Defense

The Branscome preferential transfer is not for antecedent debts.

### Fourth Defense

The Branscome preferential transfer was not property of the Estate.

### Fifth Defense

The Branscome preferential transfer was a transfer of property in which the Debtor had no interest.

### Sixth Defense

The Branscome preferential transfer represented a contemporaneous exchange of new value given to the Debtor and was in fact a substantially contemporaneous exchange.

### Seventh Defense

The Branscome preferential transfer was made in the ordinary course of business to the Debtor and Transferee and/or was made in accordance with ordinary terms.

### Eighth Defense

Branscome provided subsequent new value for the benefit of the Debtor.

### Ninth Defense

The Complaint is barred by the doctrines of waiver and estoppel.

### Tenth Defense

The Complaint is barred by the doctrine of laches.

**Eleventh Defense**

Branscome reserves the right to assert additional affirmative defenses as they may appear applicable during the course of this litigation, including discovery, trial, or otherwise.

WHEREFORE, having fully answered, the Defendant Branscome, Inc. respectfully requests that the Complaint be dismissed as to it, that it be awarded its costs of suit herein, and for such other and further relief as to the Court may deem just and appropriate.

Respectfully Submitted,


  /s/   Joseph H. Kasimer…
Joseph H. Kasimer (D.C. Bar #8230565)
Roya Vasseghi (D.C. Bar #_____)
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
Phone: (703) 790-1911
Fax No. (703) 848-2530
Email: jkasimer@reesbroome.com
*Counsel for Branscome, Inc.*


  s/   Roya Vasseghi
Roya Vasseghi (D.C. Bar #1014058)
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
Phone: (703) 790-1911
Fax No. (703) 848-2530
Email: rvasseghi@reesbroome.com
*Counsel for Branscome, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2017, a true copy of the foregoing Answer was served on all parties receiving notices in this case via the Court's CM/ECF system.

      /s/    Joseph H. Kasimer…

C:\NRPortbl\RBIMANAGE\SPG\1966721_1.docx

1966721_1.docx